72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Zela HALL, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-5002.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1995.
 ORDER AND JUDGMENT[2]
 
 1
 Before TACHA and BARRETT, Circuit Judges, and BROWN,*** Senior District Judge.
 
 
 2
 BROWN, Senior District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Claimant Zela Hall appeals the district court's affirmance of the decision of the Secretary of Health and Human Services denying her applications for disability insurance and supplemental security income benefits. Claimant, a thirty-year old woman with two years of college education, has previously worked as a cashier, data entry clerk, and accounts payable clerk. Claimant alleges disability since October 16, 1991, due to lupus, arthritis, and depression. Claimant's applications were denied initially and upon reconsideration. Following a hearing, the administrative law judge determined that claimant was not disabled. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary. 20 C.F.R. 404.981.
 
 
 5
 Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and whether the Secretary applied correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 6
 In order to determine whether a claimant is under a disability, the Secretary applies a five-step process. 20 C.F.R. 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(discussing the five steps in detail). If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Williams, 844 F.2d at 750. Here, the Secretary found that claimant was able to return to her past relevant work, thus concluding the evaluation at step four. On appeal, claimant argues that the ALJ (1) erred in disregarding the opinion of her treating physician; (2) failed to adequately develop the record; and (3) improperly evaluated claimant's allegations of pain.
 
 
 7
 Claimant first argues that the ALJ failed to give substantial weight to the opinion of her treating physician, Dr. Robert Harris, that she was disabled. "A treating physician's opinion must be given substantial weight unless good cause is shown to disregard it." Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289-90 (10th Cir.1995). When the opinion of the treating physician is inconsistent with the other medical evidence, the ALJ should examine the reports of the other physicians to ascertain whether they outweigh the report of the treating physician, not the other way around. Id. at 290.
 
 
 8
 The ALJ concluded that Dr. Harris' opinion of disability was based entirely on claimant's reports of her symptoms, was unsupported by objective medical evidence, and was against the weight of the other medical evidence in the record. The ALJ based this conclusion on the reports of Dr. Ellen Zanetakis, another treating physician, and Dr. Richard Cooper, a consultative physician.
 
 
 9
 Dr. Zanetakis, an internist and rheumatologist, diagnosed claimant as suffering from what was probably discoid lupus. She noted that an original diagnosis of lupus was made by a dermatologist in 1982, and that claimant had probably never been seen by a rheumatologist. R. at 152. Although claimant failed to get the lab tests Dr. Zanetakis had asked her to have done, she did not think claimant had the more serious systemic lupus. Id. at 149. Dr. Zanetakis noted claimant's skin lesions, headaches, muscle tenderness and stiffness, fatigue, and low back pain. Id. at 152. However, she did not report that claimant's symptoms, either singly or in combination, would prevent her from performing work activities.
 
 
 10
 Dr. Cooper examined claimant at the request of the Secretary. Dr. Cooper reported the discoid lupus diagnosis, but noted that claimant's symptoms of skin lesions and alopecia were being successfully treated by medication. He reported her complaints of headaches and occasional dizziness, which she related to taking her medications. Id. at 172. Claimant exhibited no redness, swelling, or tenderness of any joint. She presented no evidence of atrophy. She was found to have full and equal strength on both sides, and her complaints that her hands were swollen appeared to be subjective. Id. 173-74.
 
 
 11
 "A treating physician's opinion may be rejected if his conclusions are not supported by specific findings." Castellano, 26 F.3d at 1029. Here Dr. Harris' opinion was conclusory, outweighed by the other medical evidence in the record, and properly rejected by the ALJ. See Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992)("Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."). The ALJ offered specific, legitimate reasons for disregarding Dr. Harris' opinion. See Goatcher, 52 F.3d at 290. Despite claimant's urging, we cannot reweigh the evidence. See Musgrave, 966 F.2d at 1374.
 
 
 12
 Although claimant had listed depression as an impairment, at the hearing, when the ALJ questioned her regarding her activities, she stated that her only outside social activity was bingo, but that "[she was] not depressed or nothing." R. at 43. A psychiatric examination performed by Dr. James Allen, at the request of the Secretary, revealed that although claimant seemed socially isolated, she had no signs of melancholia, and could not be diagnosed with any clinical psychiatric condition. Id. at 176-77. On appeal, it appears that claimant no longer asserts depression as an impairment.
 
 
 13
 Next, claimant argues that the ALJ did not adequately develop the record. Although the ALJ is obligated to adequately develop the record "consistent with the issues raised," the ALJ is not claimant's advocate, and claimant has the ultimate burden of proving her disability. Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir.1993).
 
 
 14
 Claimant alleges that the ALJ's questions at the hearing were "superficial." Appellant's Amend. Br. at 6. We do not agree. The ALJ posed questions ascertaining the nature of claimant's complaints, her daily activities, her treatment and medications, and her attempts to work. See Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir.1993). The ALJ is under no duty to "exhaust every potential line of questioning." Glass v. Shalala, 43 F.3d 1392, 1396 (10th Cir.1994). Here, the ALJ adequately satisfied his duty to inquire concerning claimant's own version of her alleged impairments. See Henrie, 13 F.3d at 361. In addition, the detailed, exhaustive decision issued by the ALJ indicates both consideration of claimant's testimony and thorough review of the medical evidence submitted by claimant.
 
 
 15
 Finally, claimant challenges the ALJ's evaluation of her subjective complaints of pain. Contrary to claimant's argument, the ALJ adequately considered claimant's pain allegations in accord with Social Security Ruling 88-13 and Luna v. Bowen, 834 F.2d 161 (10th Cir.1987). R. at 17. However, because claimant's allegations of pain were not consistent with her medical evidence, the ALJ properly concluded that claimant's pain was not disabling and did not impact her residual functional capacity to perform her past relevant work. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988)(a finding of disability requires more than the inability to work without pain).
 
 
 16
 Upon our review of the record and arguments of the parties, we conclude that the Secretary applied the correct legal standards and that her determination of no disability is supported by substantial evidence. Therefore, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 ***
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation