76 F.3d 392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Samuel CHAMBERS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,[1] Defendant-Appellee.
 No. 95-5056.
(D.C.No. 92-C-948-E).
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1996.
 
 Before ANDERSON, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's order affirming the decision of the Secretary to deny plaintiff's applications for disability insurance benefits and supplemental security income. We exercise jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291 and affirm.
 
 
 3
 As a result of injuries to his left leg that he received in a motorcycle accident in 1983, plaintiff was awarded disability insurance benefits in November of that year. In December 1987, the Social Security Administration (SSA) determined that plaintiff was no longer disabled; the SSA discontinued plaintiff's benefits in February 1988. Upon review, an administrative law judge (ALJ) affirmed the cessation of benefits in November 1989. Plaintiff did not appeal that decision.
 
 
 4
 In January 1991, plaintiff filed the present applications for benefits, alleging he had been disabled since 1983. After his claims were denied administratively, he received a hearing before another ALJ in December 1991. The ALJ issued his opinion the following January, concluding at step four of the sequential analysis, see 20 C.F.R. 404.1520, 416.920, that plaintiff could return to his past relevant work and, therefore, was not disabled.
 
 
 5
 The ALJ first determined that no just cause existed to reopen the former application for benefits. Therefore, he held that res judicata barred plaintiff from claiming a disability before November 1989. After considering all the evidence, including that which predated November 1989, the ALJ concluded that plaintiff could perform a full range of medium work. Because plaintiff's past job as an insulation installer was performed at the medium exertional level and qualified as past relevant work, the ALJ concluded that plaintiff could return to his past relevant work. When the Appeals Council denied review, the ALJ's decision became the final decision of the Secretary. The district court then affirmed the Secretary's determination, and this appeal followed.
 
 
 6
 "We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 7
 On appeal, plaintiff raises three general challenges to the Secretary's decision. First, he contends that the determination that he can perform a full range of medium work and, therefore, can return to his past work as an insulation installer, is not supported by substantial evidence. Second, he argues that the ALJ's determination is based on improper hypothetical questions propounded to the vocational expert (VE). Finally, plaintiff contends that the ALJ committed legal error by (1) terminating his evaluation of plaintiff's claims at step four of the sequential analysis; and (2) failing to make specific findings as to the requirements of plaintiff's past relevant work and to compare those requirements to plaintiff's exertional and nonexertional limitations, see Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir.1993). We will address each of plaintiff's arguments, beginning with the last.
 
 
 8
 The Secretary contends that plaintiff waived his argument based on Henrie because he failed to raise it in the district court. Plaintiff, in turn, neither tells us where he raised this argument[3] nor refutes the Secretary's contention that he did not raise the argument in the district court. "Absent compelling reasons, we do not consider arguments that were not presented to the district court." Crow v. Shalala, 40 F.3d 323, 324 (10th Cir.1994). As in Crow, plaintiff, here, has been represented by counsel throughout the proceedings, and "we see no reason to deviate from the general rule." Id.
 
 
 9
 Plaintiff's contention that the ALJ committed legal error by ending his analysis at step four, and thereby "side-stepp[ing] evaluation of all of the evidence in this case, including the testimony of the vocational expert witness," Appellant's Br. at 28, is frivolous. As plaintiff himself acknowledges, when describing the sequential analysis the Secretary follows in evaluating a disability claim, "[i]f it is determined that a claimant is or is not disabled at any point in the steps, further review is not necessary." Id. at 15 (emphasis added). An ALJ's decision to create a record on issues that would be relevant at step five of the sequential analysis does not obligate the ALJ to reach step five in his analysis if he determines at an earlier step that the claimant is not disabled.
 
 
 10
 Plaintiff's argument that the ALJ's decision is based on answers to improper hypothetical questions propounded to the VE also is unavailing. The ALJ asked the VE hypothetical questions about both plaintiff's ability to return to his past relevant work and his ability to perform other jobs in the national economy. Although the ALJ's hypothetical questions are not models of either clarity or precision, we conclude that any error in them is harmless. First, plaintiff's ability to perform other work in the national economy is not relevant here, because this case was decided at step four of the analysis. Second, a VE's testimony is not necessary at step four, Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir.1992), and the ALJ's opinion reflects that he did not rely on the VE's answers to the hypothetical questions in concluding, at step four, that plaintiff could return to his past relevant work.
 
 
 11
 We turn, then, to plaintiff's argument that the ALJ's conclusion that plaintiff can perform a full range of medium work is not supported by substantial evidence. Though counsel's disorganized and disjointed briefing style makes it difficult to discern his precise arguments, it appears that he is raising four challenges to the ALJ's evaluation of the evidence, most of which relate to plaintiff's allegations of disabling pain.
 
 
 12
 First, plaintiff contends that the evidence establishes that he cannot meet the sitting, standing, lifting, and walking requirements of medium work. In support of this argument, plaintiff cites only his own testimony as to his abilities. The ALJ, however, found that plaintiff's testimony was incredible. Plaintiff does not challenge this finding on appeal.
 
 
 13
 Next, plaintiff challenges the ALJ's evaluation of his allegations of disabling pain under Luna v. Bowen, 834 F.2d 161 (10th Cir.1987). The ALJ's opinion reflects that he followed the analytical framework established in Luna. Plaintiff evidently takes issue with the weight the ALJ assigned to various factors at the third step of the Luna analysis. See id. at 165-66. We, however, can neither reweigh the evidence nor substitute our judgment for that of the ALJ. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 14
 Plaintiff's next challenge is similarly flawed. Citing Hargis v. Sullivan, 945 F.2d 1482 (10th Cir.1991), plaintiff argues that the ALJ "failed to realistically evaluate ALL of the Appellant[']s impairments in combination." Appellant's Br. at 19. A review of the ALJ's opinion, however, shows that he did consider all of plaintiff's alleged impairments in combination. As we mentioned above, to the extent plaintiff actually seeks to challenge the weight the ALJ gave to the evidence, his argument must fail. See Casias, 933 F.2d at 800.
 
 
 15
 Finally, plaintiff contends that the opinion of a physician who examined him once in October 1989, when he was conclusively not disabled, constitutes substantial evidence that plaintiff cannot perform a full range of medium work. During his examination, Dr. Hendricks conducted range of motion tests on plaintiff's shoulders, hips, lumbar spine, knees, and ankles. He also reviewed x-rays of plaintiff's shoulder, lumbar spine, and lower left leg. Based upon this examination, Dr. Hendricks concluded that plaintiff "certainly does have a disability as a result of the motorcycle accident," but that he "might be capable of sedentary work." R. Vol. II at 432.
 
 
 16
 Dr. Hendricks' examination notes reveal, however, that plaintiff's range of motion was not greatly limited. Likewise, the x-rays of plaintiff's shoulder were "within normal limits," those of his lumbar spine showed "no significant disc degeneration or narrowing," and those of his lower left leg showed that "the bones have healed solidly" with no evidence of osteomyelitis. Id. Thus, Dr. Hendricks' objective observations do not support his conclusory statements suggesting that plaintiff is limited to sedentary work. Further, subsequent range of motion tests performed on plaintiff by two other physicians in 1991 showed plaintiff's range of motion had improved and was well within normal limits. Therefore, Dr. Hendricks' report does not constitute substantial evidence that plaintiff could not perform a full range of medium work after November 1989.
 
 
 17
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [3]
 Plaintiff's brief does not comply with 10th Cir. R. 28.2 which requires that the appellant's brief contain, "with respect to each issue raised on appeal, a statement as to where in the record the issue was raised and ruled upon." Plaintiff merely recites, at the conclusion of his brief, that "[t]he Appellant raised these same issues in his Brief in the District Court and in his Oral Arguments before United States District Judge James O. Ellison on February 2, 1995." Appellant's Br. at 32. Not only does this general statement fail to comply with Rule 28.2, but we note that neither appellant's brief before the district court nor a transcript of the oral argument is contained in the record on appeal provided by plaintiff