UNITED STATES COURT OF APPEALS

**Filed 7/1/96**

FOR THE TENTH CIRCUIT

TEDDY TOWNSEND,

    Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner,
Social Security Administration,*

    Defendant-Appellee.

No. 95-5175
(D.C. No. CV-93-952-B)
(N.D. Okla.)

ORDER AND JUDGMENT**

Before EBEL, BARRETT, and HENRY, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Teddy Townsend appeals the district court's order affirming the decision of the Secretary of Health and Human Services denying his application for social security disability benefits. Applying the five-step evaluation sequence, the administrative law judge (ALJ) concluded the analysis at step four, determining that claimant had the residual functional capacity to return to his past relevant work as a heating and air-conditioning journeyman, maintenance mechanic, truck driver, or cab driver. See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988)(discussing the five steps in detail).

Claimant's application for benefits was denied initially and on reconsideration. Claimant subsequently requested and received a hearing before the ALJ. At the hearing, the ALJ heard testimony from claimant, who was represented by counsel, Dr. Harold Goldman, a medical consultant, and Frank Bramford, a vocational expert. The ALJ denied claimant's application for benefits. The Appeals Council denied review, and the ALJ's decision became the final decision of the Secretary. The district court affirmed the decision of the Secretary. Claimant appeals, and we affirm.

We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied.

Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800-01 (10th Cir. 1991). Legal error in weighing the evidence is grounds for reversal. Id. at 801. We may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Id. at 800.

Claimant filed his disability application on June 25, 1990, claiming disability since January 5, 1989. Because claimant was last insured for benefits on March 31, 1991, he had to establish that he became disabled on or before that date to obtain disability insurance benefits. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993). The focus of the ALJ, therefore, was whether claimant was capable of returning to his past relevant work on or before March 31, 1991. See id.

On appeal, claimant contends that the ALJ (1) erred in determining that claimant could perform his past relevant work as it was actually performed by claimant, (2) erred in assessing the demands and requirements of claimant's past relevant work as it was actually performed by claimant, (3) failed to make requisite findings for a step-four determination, and (4) erred in relying on the opinion of a vocational expert. We have reviewed the entire record in this case, and we conclude that it contains substantial evidence to support the ALJ's denial of benefits at step four.

Initially, claimant alleges that the ALJ should have considered the requirements and demands of his past relevant work as it was actually performed by claimant rather than as generally performed in the national economy. To prove that he cannot return to his past relevant work, claimant must show that he can perform neither "[t]he actual functional demands and job duties of a particular past relevant job" nor "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." Soc. Sec. R. 82-61; Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1050 (10th Cir. 1993).

At the hearing, Dr. Harold Goldman testified based on his review of claimant's medical evidence. Although claimant had been diagnosed as suffering from mechanical low back pain due to degenerative disc disease, Dr. Goldman testified that he was capable of sitting, standing, and walking for eight hours. More specifically, he found that claimant could sit for a total of four hours, walk for a total of two hours, and stand for a total of four hours. Dr. Goldman opined that claimant was limited to lifting thirty-five pounds frequently, and fifty pounds occasionally, and could frequently stoop, bend, crawl, and climb. Appellant's App. at 33. None of the medical documentation submitted by claimant contained any notation that claimant was restricted as to sitting, standing, or walking prior to the expiration of his insured status on March 31, 1991. When asked to characterize claimant's past relevant work, the vocational expert testified that, as classified in the Dictionary of Occupational Titles, claimant's past work as a journeyman was medium/skilled; his past

4

work as a maintenance mechanic was medium/skilled; his work as a truck driver was medium; and his work as a cab driver was medium/semi-skilled. Id. at 55.

Here, claimant does not challenge the ALJ's determination, based on Dr. Goldman's evaluation, that he possessed the residual functional capacity to perform medium work.[1] Instead, claimant argues that his past relevant work, as he actually performed it, is not medium but heavy in nature, and therefore, precluded by his limitations. Claimant argues that Soc. Sec. R. 82-61 requires the ALJ to determine whether a claimant can return to his past relevant work as actually performed by the claimant. We do not agree.

Claimant must demonstrate that he is unable to return to his former type of work, not just to his prior job. See Andrade, 985 F.2d at 1052. Therefore, although there is substantial evidence in the record to indicate that plaintiff may not be able to meet the requirements of his former work as he allegedly performed it, the ALJ found substantial evidence existed to indicate he can return to a number of his past occupations as they are generally performed.

Next, claimant contends that the ALJ failed to make sufficient inquiry and findings regarding his residual functional capacity and the requirements of his past relevant work. Although at step four, claimant bears the burden of proving his inability to perform the duties of his past relevant work, see id. at 1050, the ALJ must "make findings regarding 1) the individual's residual functional capacity, 2) the physical and mental demands of prior jobs

---

[1]    Medium work is defined as the ability to lift up to fifty pounds, with frequent lifting of up to twenty-five pounds. 20 C.F.R. § 404.1567(c).

or occupations, and 3) the ability of the individual to return to the past occupation, given his or her residual functional capacity." Henrie, 13 F.3d at 361 (citing Soc. Sec. R. 82-62).

Claimant testified that all of his past relevant work required lifting of 100 to 150 pounds. Appellant's App. at 39-40. Although the ALJ found claimant's testimony to be "generally credible," he determined that "the medical evidence [did] not show any significant restrictions on the claimant's capabilities." Id. at 16. Claimant does not challenge this finding. The ALJ noted the inconsistencies in claimant's testimony regarding his ability to lift only five to ten pounds, when he lifted his granddaughter who weighed eighteen pounds, and his recitation of his daily activities which belied his description of his limitations. Id.

The ALJ specifically discussed claimant's testimony regarding the requirements of his past relevant work as claimant alleges he actually performed it, and inquired of the vocational expert as to the requirements of claimant's past relevant work as generally performed. Based on Dr. Goldman's evaluation and the vocational expert's response, the ALJ found that the claimant's limitations did not preclude performance of the physical demands of his prior work. Id. at 17-18. Therefore, contrary to claimant's contention, the ALJ satisfied his duty to inquire and make findings under the circumstances of this case.

Finally, claimant contends that the ALJ improperly relied on the testimony of the vocational expert. At step four, the burden of proving disability remains with the claimant, and the ALJ is not required to seek the testimony of a vocational expert. However, Soc. Sec. R. 82-62, read with Soc. Sec. R. 82-61, allows an ALJ at step four to obtain information from

6

a vocational expert regarding the demands of a claimant's past occupations. Here, because the hypothetical question posed to the vocational expert included all the ALJ's findings regarding claimant's residual functional capacity, the vocational expert's response constituted substantial evidence to support the ALJ's step-four conclusion that claimant was capable of performing his past relevant work as performed in the national economy. Cf. Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). The record clearly indicates that the ALJ properly utilized the opinion of the vocational expert along with all of the other evidence to make a step-four determination.

Because claimant failed to establish that he was unable to perform the requirements of his past relevant work, the Secretary did not err in determining that he was not disabled. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

David Ebel
Circuit Judge

7