UNITED STATES COURT OF APPEALS

**Filed 10/10/96**

FOR THE TENTH CIRCUIT

TAMMY MCCLURE, for Nathaniel
McClure, a minor,

    Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

    Defendant-Appellee.

No. 96-7019
(D.C. No. CV-94-640-B)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296.  Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.  Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Nathaniel McClure, a nine-year-old child, appeals from an order of the district court that affirms the decision of the Secretary of Health and Human Services to deny him Children's Supplemental Security Income (SSI) benefits.[1] Plaintiff claims he is disabled due to bradycardia which required him to have a pacemaker implanted. The administrative law judge (ALJ) denied benefits at step four of the evaluation process, see 20 C.F.R. § 416.924(b)-(f); and determined that plaintiff did not have an impairment of comparable severity to that which would disable an adult. The ALJ concluded plaintiff was not disabled. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary.

On appeal, plaintiff contends the ALJ: (1) failed to link each of his conclusions to substantial evidence; (2) failed to obtain information from the consultative examiner concerning the particular developmental issues raised in determining whether a child is disabled; and (3) failed to obtain claimant's school records or reports in order to assess how claimant was functioning at school.

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 and review the Secretary's decision to determine only whether it is supported by substantial evidence and whether the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quotation and citation omitted). Evidence is not substantial if it is overwhelmed by other evidence or is mere conclusion. Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). We may not reweigh the evidence or substitute our judgment for that of the Secretary. Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

At step four of a child's SSI claim, the ALJ conducts an individualized functional assessment (IFA) to determine whether the claimant's impairment is of comparable severity to that which would disable an adult. 20 C.F.R. § 416.924(f). A school-age child IFA covers six different areas, or "domains:" cognitive function; communicative function; motor function; social function; personal/behavioral function; and concentration, persistence, and pace. Id. § 416.924d(h). A school-age child such as plaintiff is considered disabled if he demonstrates that he is markedly impaired in one domain and moderately impaired

in another, or that he is moderately impaired in three domains. Id. § 416.924e(c)(2).

Plaintiff does not challenge the ALJ's finding that plaintiff's motor impairment is moderate, not marked. Because plaintiff does not allege marked impairment in any single domain, he must demonstrate that the ALJ erred in concluding he is not moderately impaired in at least two other domains as well. Having reviewed the briefs and the record on appeal, we hold the record is adequate to allow the ALJ to make an informed decision in this case. We affirm the ALJ's finding that plaintiff is not disabled under the above legal standard.

Plaintiff bears the ultimate burden of proving disability. Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993); 20 C.F.R. § 416.912(a). Although the ALJ has a duty to develop the record, "it is not the ALJ's duty to become the claimant's advocate." Henrie, 13 F.3d at 361. Rather, the ALJ's duty is only "one of inquiry and factual development." Id. While having a pacemaker clearly limits plaintiff's physical activities to some degree, the record supports the ALJ's conclusions that plaintiff is attending school regularly, engages in most activities along with his peers, and is usually a happy child who gets along well with others. The ALJ adequately discussed the evidence he used to arrive at these conclusions. There is no requirement that an ALJ procure a child's school records. Counsel does not indicate what plaintiff's

school records would show even if they were obtained, nor explain why they were not provided to the ALJ at the hearing. Counsel also fails to specify what impairments would be found if the ALJ were to ask the consultative examiner for additional information. To the extent plaintiff challenges the form used by the consulting psychologist, we conclude that the psychologist's report, when read as a whole, provides substantial evidence to support the ALJ's conclusion that plaintiff is not significantly impaired in any domain other than motor function. In these circumstances, we have no basis to set aside the ALJ's determination that plaintiff's impairment is not of comparable severity to that which would disable an adult.

AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge