**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 6 1997**

**PATRICK FISHER**
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CARL WAGNER,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,*

      Defendant-Appellee.

No. 96-5198
(D.C. No. 94-CV-58-J)
(N.D. Okla.)

---

ORDER AND JUDGMENT**

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. The Acting Commissioner has been substituted for the Secretary in the caption; in the text, however, we continue to refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

\*\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[***]

_____

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Carl J. Wagner appeals from the district court's order affirming the denial of his application for disability benefits for the period of January 15, 1990, to January 15, 1993, by the Secretary of Health and Human Services (Secretary). After his claim was denied administratively, a hearing was held before an administrative law judge (ALJ) who denied benefits at step four of the five-step sequential evaluation process. See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing five steps). The ALJ concluded that plaintiff could perform his past work as a vice president and sales manager of a wholesale flooring company. The Appeals Council considered additional medical evidence and denied review. The parties consented to proceed before a federal magistrate judge, see 28 U.S.C. § 636(c), who affirmed the Secretary's decision.

_____

[***]    Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

Plaintiff alleges disability due to pain in his back and legs. He asserts that the ALJ and the Appeals Council erred in (1) failing to consider how pain affected his ability to work, (2) assessing plaintiff's credibility, (3) determining that he had the residual functional capacity to perform light work, and (4) failing to make the required findings as to the physical demands of his past work.

We review the decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether correct legal standards were applied. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted)).

Even though plaintiff did not allege that he suffered from totally disabling pain, he asserts that the ALJ was required to consider his significant pain as a nonexertional impairment. We agree. See Thompson v. Sullivan, 987 F.2d 1482, 1490-91 (10th Cir. 1993) ("Pain, even if not disabling, is still a nonexertional impairment to be taken into consideration, unless there is substantial evidence for the ALJ to find that the claimant's pain is insignificant."). The ALJ did consider the effect of plaintiff's pain on his ability to work, however, concluding that his

pain did not prevent him from performing his past work in the flooring business. As the ALJ correctly noted, a finding of disability requires more than the inability to work without pain. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988).

Plaintiff alleges that the ALJ's credibility determination is not supported by the evidence. He argues that the medical evidence refutes the ALJ's determinations that he was able to work from 1988 until he had surgery in January 1990, that the surgery alleviated his pain, and that his medical history indicated that he was not suffering from severe pain; he objects to the ALJ's conclusion that his daily activities were inconsistent with his claim of pain.

Contrary to plaintiff's argument, the ALJ did not determine that plaintiff's daily activities were inconsistent with pain. See Thompson, 987 F.2d at 1490 ("ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain."). Rather, the ALJ considered plaintiff's conflicting statements about his daily activities in evaluating his credibility. The record contains documentation of plaintiff's complaints of pain. But it also supports the ALJ's finding that plaintiff did not seek medical attention at various times when he claims he suffered severe pain, and that he benefited from surgery and physical therapy. We cannot reweigh the evidence. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992). Accordingly, we cannot disturb the ALJ's determinations of credibility or evidentiary weight. See

-4-

James v. Chater, 96 F.3d 1341, 1342 (10th Cir. 1996) ("Questions of evidentiary weight and witness credibility are the province of the Secretary, whose judgment on such matters is entitled to considerable deference.").

Plaintiff asserts that the record does not support a finding that he has the residual functional capacity for light work. Because the ALJ found that plaintiff could return to his former job in the flooring business, we need only address that issue and not whether there is substantial evidence that plaintiff could perform a full range of light work. Plaintiff had the burden to show that he could not return to his former job or his former type of work. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1051-52 (10th Cir. 1993).

Plaintiff argues that the ALJ failed to ascertain the physical demands, particularly the lifting and carrying requirements, of his former job, and that this undermined the finding that plaintiff could perform his past work. He submitted a disability report on which he described the physical demands of his past work, but he left blank the request for information about the lifting and carrying requirements of his work. "The burden is on the claimant to show that [his] impairment renders [him] unable to perform [his past relevant] work." Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993). Here, unlike Henrie, 13 F.3d at 361, the ALJ had information about the demands of plaintiff's past job, as well as information about his physical

capabilities.  The ALJ found that plaintiff had limitations on his ability to lift and carry.  After review of the record, we are satisfied that the ALJ made sufficient findings of the physical demands of plaintiff's past work and that substantial evidence supports the ALJ's determination that plaintiff could perform such work.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge