**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

NORMAN BREEDLOVE,

        Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,*

        Defendant-Appellee.

No. 97-7024
(D.C. No. CV-95-394-S)
(E.D. Okla.)

ORDER AND JUDGMENT**

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in this caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Norman Breedlove appeals from an order of the district court affirming the Secretary's determination that he is not entitled to disability benefits. We affirm.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994) (citation and quotation omitted).

Mr. Breedlove alleged disability due to Reflex Sympathetic Dystrophy caused by a crushing injury to his left dominant hand in 1993 and residual pain from a prior leg injury. The administrative law judge (ALJ) determined at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that Mr. Breedlove was not disabled as he could perform sedentary and light work.

On appeal, Mr. Breedlove argues that, under the heightened duty owed pro se claimants, the ALJ should have obtained additional relevant medical records, including records from the twelve months prior to the ALJ's decision, and should have ordered a consultative examination. He also argues the Appeals Council erred in disregarding the medical evidence he submitted to it.

Although the ALJ has a duty to develop the record, "it is not the ALJ's duty to be the claimant's advocate." Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993). The ALJ's duty is only "one of inquiry and factual development." Id. This duty includes the requirement that the ALJ develop a complete medical record by obtaining medical evidence for at least the twelve months prior to the date the claimant filed the application for benefits. See 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 404.1512(d) & 416.912(d). Further, Social Security rulings do not require the ALJ to update medical records to the time of the hearing. See Luna v. Shalala, 22 F.3d 687, 693 (7th Cir. 1994).

Mr. Breedlove does not indicate what records the ALJ should have obtained. In fact, he testified that he had no other records to submit, and that he had not been treated by any physician since the previous August, approximately two months after his injury. See R. Vol. II at 47-48. He stated that since August, physicians had only recommended that he soak his hand in Epsom salt. See id. at

47.  The records themselves contained no information indicating Mr. Breedlove had been treated by any other physicians.

The ALJ had no duty to seek out additional records here.  We will not send the ALJ on a fishing expedition to try to find records which might or might not exist.  See Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996) (ALJ has duty to obtain "pertinent, available medical records which come to his attention during . . . hearing") (citing 20 C.F.R. § 404.944); cf. Vazquez Vargas v. Secretary of Health & Human Servs., 838 F.2d 6, 9 (1st Cir. 1988) (no error occurred when ALJ did not obtain additional records as claimant was on notice that, absent her assistance, ALJ would not supplement the record).  No reversible error occurred because the ALJ did not obtain records of which he was unaware.

Likewise, the ALJ was under no duty to obtain any consultative examinations.  The ALJ has broad latitude in determining whether to order a consultative examination.  See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 778 (10th Cir. 1990).  Consultative examinations are necessary only to resolve conflicts in the medical evidence or to secure additional evidence needed to support a decision.  See 20 C.F.R. §§ 404.1519a & 416.919a. A claimant must raise the issue he later argues should have been developed, sufficiently so that, on its face, it appears to be substantial.  See Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997).

> Specifically, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists. When the claimant has satisfied his or her burden in that regard, it then, and only then, becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment.

Id.

Mr. Breedlove did not indicate that any of his impairments were so severe as to be disabling. The ALJ had no duty to order a consultative examination.

We also reject Mr. Breedlove's suggestion that the fact that he had worked since his leg injury occurred was irrelevant. Under the regulations, a claimant who has worked with a claimed impairment is not disabled. See 20 C.F.R. §§ 404.1520(b) & 416.920(b). Absent evidence, or even testimony from Mr. Breedlove that his leg had worsened since he last worked, the ALJ was under no duty to seek further evidence regarding his leg injury.

Mr. Breedlove also argues the Appeals Council erred by failing to consider the new evidence he submitted to it. Pursuant to 20 C.F.R. § 404.970(b), the Appeals Council shall consider evidence submitted with a request for review if the evidence is new, material, and "relates to the period on or before the date of the [ALJ's] decision," without regard to whether the claimant can show good cause for submitting new evidence to the Appeals Council. O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). If the evidence does not relate to the relevant

time period, the Appeals Council will not consider it, although the claimant may file a new application for benefits covering the relevant time period. See 20 C.F.R. § 404.976(b).

The ALJ entered his opinion November 14, 1994. The report Mr. Breedlove submitted to the Appeals Council was dated March 29, 1995. In this report, Dr. Ruffin diagnosed Mr. Breedlove as having Reflex Sympathetic Dystrophy. The report contained no information asserting that this condition had existed during the time period for which Mr. Breedlove sought benefits. As this evidence did not specifically relate to the relevant time period, the Appeals Council properly did not consider it.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge

-6-