**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RANDALL L. NICHOLS,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-5059
(D.C. No. CV-96-1088)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Randall L. Nichols appeals from the denial of social security disability and supplemental security income (SSI) benefits. He argues that the administrative law judge (ALJ): (1) erroneously concluded at step four that he could return to his past relevant work without making the required findings to support that conclusion; (2) erroneously discredited his credibility and pain testimony without considering all of the relevant factors; and (3) erroneously relied on incomplete and improper expert vocational testimony at step five. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291.

Plaintiff was born on March 15, 1955. He completed eleven years of schooling and obtained a GED. He alleges he has been disabled since September 30, 1989, due to severe pain in his back, leg, and shoulders; headaches; vision problems; muscle spasms; and limited mobility. He has had six surgeries: in 1977, to remove a bone spur on his right ankle; in 1981, for a herniated disk; in1982, to remove 60% of a disk; in 1983, to fuse two levels on his spine; in 1984, to redo the fusion; and, in 1992, to remove his gall bladder. His past work includes a number of jobs: telephone solicitor, maintenance man, butcher, convenience store cashier, shipping and receiving clerk, window washer, gas station attendant, motel manager, and Salvation Army bell ringer. A vocational expert characterized plaintiff's past work as unskilled or low semi-skilled and requiring light or medium exertion.

The ALJ denied plaintiff's claim at step four of the evaluation sequence. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). He decided that plaintiff retains the residual functional capacity (RFC) to perform light work, except for jobs that require overhead reaching. Relying on vocational testimony, he determined that plaintiff can return to his past work as a telephone solicitor, motel operator, or service station attendant. He therefore concluded that plaintiff is not disabled. The Appeals Council denied review, making the ALJ's decision the final agency decision. Plaintiff then brought this suit. The parties consented to disposition by a magistrate judge, see 28 U.S.C. § 636(c), who affirmed the agency's decision.

We review the agency's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995). We are not persuaded by plaintiff's claims of error.

Plaintiff's contention that the ALJ erroneously concluded that he could return to his past relevant work without making the required findings to support that conclusion subtends several other issues. Plaintiff argues that the ALJ:

-3-

(a) ignored or misconstrued evidence in the record, in that he ignored that plaintiff had undergone several back surgeries; (b) purported to make findings based on evidence not in the record, in that he disregarded a doctor's opinion because the doctor consistently overrated disabilities in other cases ; (c) improperly determined that plaintiff's jobs as a telephone solicitor and motel manager were past relevant work when plaintiff did not earn enough money from these jobs for either to qualify as past relevant work; (d) improperly determined that plaintiff could perform the job of motel manager–a skilled job requiring medium exertion according to the Dictionary of Occupational Titles (DOT); and (e) improperly determined that plaintiff could perform the job of service station attendant–a semi-skilled job requiring medium exertion according to the DOT. The last three of these issues are raised for the first time on appeal and, therefore, will not be addressed. See Crow v. Shalala , 40 F.3d 323, 324 (10th Cir. 1994).

At step four, a social security claimant bears the burden of proving that his medical impairments prevent him from returning to his past relevant work. See 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1520(e). A claimant is therefore not disabled if he fails to prove that he does not retain the RFC to perform the duties of his past work. In order to make the ultimate finding that a claimant is not disabled at step four, however, the ALJ is required by the agency's own ruling to make specific findings concerning the physical and mental demands of the

claimant's past jobs, and how these demands mesh with the claimant's particular exertional and nonexertional limitations. See Social Security Ruling 82-62, 1982 WL 31386, at *4; see also Winfrey v. Chater, 92 F.3d 1017, 1024-25 (10th Cir. 1996); Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993). The ALJ is bound by the agency's rulings. See 20 C.F.R. § 402.35(b)(1).

In this case, the ALJ found that plaintiff is capable of light work except for jobs that require overhead reaching. See Appellant's App. at 21-22. Specifically, he found that plaintiff "is not able to lift and carry more than 20 pounds or more than ten pounds on a regular basis . . . [and] significant nonexertional limitations . . . affect his ability to perform tasks requiring overhead reaching." Id. Plaintiff complains that the ALJ failed to consider his two back fusions in this RFC assessment. However, the event of each surgery, by itself, is not relevant to the ALJ's determination. What matters are the limitations, if any, resulting from plaintiff's surgeries. Plaintiff points to no evidence of any limitation caused by his two back fusions, however. Therefore, we find plaintiff's challenge to the RFC assessment to be without merit.

The ALJ further found that "[i]n his former job as telephone solicitor, as motel operator, and as service station attendant, [plaintiff] was not required to lift more than 20 pounds or perform tasks requiring overhead reaching." Id. at 22.

-5-

Although these findings as to the requirements of plaintiff's former jobs and how they mesh with his impairments are brief, they are sufficient to satisfy the ALJ's duty at step four in this case.

We are concerned that the ALJ mentioned his distrust of Dr. Martin's opinion in this case based on the ALJ's opinion of that doctor's medical findings in other cases. The regulations do not clearly provide for an ALJ to disregard a physician's opinion on this basis. See 20 C.F.R. § 404.1527(d)(1)-(6); 20 C.F.R. § 416.927(d)(1)-(6). Nevertheless, the ALJ also noted that Dr. Martin examined plaintiff on only one occasion, which is an acceptable reason to discount his opinion that plaintiff is 100% disabled. See 20 C.F.R. § 404.1527(d)(2); 20 C.F.R. § 416.927(d)(2). The ALJ's review of the medical evidence also demonstrated that Dr. Martin's opinion was inconsistent with other doctors' opinions regarding the extent of plaintiff's impairments. This inconsistency provided another valid reason for the ALJ to give Dr. Martin's opinion less weight. See 20 C.F.R. § 404.1527(d)(4); 20 C.F.R. § 416.927(d)(4).

Plaintiff next contends that the ALJ erroneously discredited his credibility and pain testimony by not making required findings, see Social Security Ruling 96-7p, 1996 WL 374186, at *4-*5, and by not closely and affirmatively linking the evidence to his decision, Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Plaintiff also argues that the ALJ improperly discredited his claimed inability to

afford medical treatment by assuming that plaintiff's several worker's compensation awards included medical provisions, when no evidence to that effect is in the record.

With respect to the first point, plaintiff is asking us to reweigh the evidence. This, we cannot do.    See Kelley , 62 F.3d at 337.  The ALJ thoroughly explained that he disbelieved plaintiff's complaints of severe pain because the medical evidence, and plaintiff's own testimony, showed that he did not pursue medical treatment or take much medication other than aspirin.  Moreover, although plaintiff argues that the ALJ improperly assumed his various worker's compensation awards included medical benefits, he does not contend that the ALJ's assumption was wrong.  For this reason, we decline to call the ALJ's conclusion an error.

Because we find that the ALJ's conclusion that plaintiff is not disabled at step four is supported by substantial evidence and the correct legal standards were applied, it is unnecessary to reach plaintiff's step-five argument.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge

-7-