Donna J. HENRIE, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF
HEALTH & HUMAN SERVICES,
Defendant–Appellee.

No. 93–2046.

United States Court of Appeals,
Tenth Circuit.

Dec. 29, 1993.

Gary J. Martone, Albuquerque, NM, for plaintiff-appellant.

Don J. Svet, U.S. Atty., Albuquerque, NM, and Gayla Fuller, Chief Counsel, Region VI, Rodney A. Johnson, Asst. Regional Counsel, Office of the General Counsel, U.S. Dept. of Health & Human Services, Dallas, TX, for defendant-appellee.

Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,* District Judge.

EBEL, Circuit Judge.

Claimant Donna J. Henrie appeals from a district court order affirming the Secretary's decision denying her disability insurance benefits.[1] Her primary argument on appeal

---

\* Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

is that the Administrative Law Judge (ALJ) did not satisfy his duty to develop the factual record. Specifically, she argues he did not inquire into whether her prior work was highly stressful before determining she could perform her past relevant work as a negative stripper in a graphics department. She also maintains the ALJ's decision was not based on substantial evidence. We reverse and remand for further proceedings.

The ALJ's decision must be based on substantial record evidence. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir.1988). Substantial evidence is defined as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Id.* (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir.1983)). In addition, the failure to apply the appropriate legal standards also constitutes grounds for reversal. *Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir.1993). We review claimant's arguments with these principles in mind.

Ms. Henrie first applied for disability benefits in July of 1989, alleging an onset date of December 30, 1985. She is currently fifty-three years old. She has the equivalent of a high school diploma, and has past relevant work experience as a delivery driver, negative stripper, and office clerk. Ms. Henrie has not worked since 1983. As a result, her insured status expired on December 31, 1987. She alleges total disability as the result of long term mental problems.

The ALJ made his decision at step four of the sequential evaluation process used to analyze disability claims. *See Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir.1989) (outlining five-step procedure used to evaluate disability claims). At this stage, the relevant analysis is whether the claimant is able to return to her past relevant work. *See Andrade*, 985 F.2d at 1047. The burden is on the claimant to show that her impairment renders her unable to perform that work. *Id.* at 1050. Based on the record, the ALJ here determined that, although Ms. Henrie suffered from an impairment, it did not prevent her from performing her position as a negative stripper in a graphics department.

The record reflects, and the agency does not dispute, that Ms. Henrie has a history of emotional problems. Between 1983 and 1985, she sought treatment for depression on three different occasions. In each instance, she was treated with positive results. In June of 1988 she was treated for a self-inflicted gun shot wound and spent approximately one month in a psychiatric hospital. At that time she was diagnosed with major depression.

Ms. Henrie attended court reporting school from September 1987, through June 1988, five days per week, approximately five hours per day. Although she did very well in the classes, she stated during the administrative hearing that her estranged husband's interference prevented her from completing the course. Appellant's App. at 56, 67–68. At the time of the administrative hearing, she was volunteering at a child care center twice a week. *Id.* at 62.

■ Because Ms. Henrie's insured status expired on December 31, 1987, she must prove she was totally disabled prior to that date. *Potter v. Secretary of Health & Human Servs.*, 905 F.2d 1346, 1347 (10th Cir. 1990). The dispositive question is, therefore, whether she could return to her past relevant work on or prior to that time. Although the ALJ determined she could return to her prior position as a negative stripper in a graphics department, we hold that this record is not sufficiently developed to make that ruling. Therefore, the case must be remanded for further proceedings.

Ms. Henrie maintains the ALJ committed legal error in failing to elicit sufficient testimony from her at the administrative hearing. Specifically, she argues he failed to develop sufficient facts regarding the level of stress involved in her former position as a negative stripper. She notes that although the ALJ determined she could not perform a highly stressful job, he did not garner facts to support the related inference that the negative stripper job was not highly stressful.

■ The ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues

raised. *See Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir.1992). This is true despite the presence of counsel, although the duty is heightened when the claimant is unrepresented. *Thompson v. Sullivan,* 987 F.2d 1482, 1492 (10th Cir.1993). The duty is one of inquiry, ensuring that the ALJ is informed about " 'facts relevant to his decision and [learns] the claimant's own version of those facts.' " *Dixon v. Heckler,* 811 F.2d 506, 510 (10th Cir.1987) (quoting *Heckler v. Campbell,* 461 U.S. 458, 471 n. 1, 103 S.Ct. 1952, 1959 n. 1, 76 L.Ed.2d 66 (1983) (Brennan, J., concurring)).

In a step four proceeding, this duty requires the ALJ to review the claimant's residual functional capacity "and the physical and mental demands of the work [she has] done in the past." 20 C.F.R. § 404.1520(e). Social Security Ruling 82–62 addresses the ALJ's role more specifically, requiring him or her to make findings regarding 1) the individual's residual functional capacity, 2) the physical and mental demands of prior jobs or occupations, and 3) the ability of the individual to return to the past occupation given his or her residual functional capacity. S.S.R. 82–62, Soc.Sec.Rep. 809, 812 (West 1983); *see also Nimick v. Secretary of Health & Human Servs.,* 887 F.2d 864, 866 (8th Cir.1989) (ALJ has a duty to fully investigate physical and mental demands of past work and compare them to claimant's capabilities).

The transcript of the hearing before the ALJ reveals there was no inquiry regarding the nature of, and physical and mental demands associated with, the position of negative stripper. In fact, this prior occupation was never mentioned in the evidence. Likewise, there was no inquiry into claimant's ability to perform this job prior to the time her insured status expired. There were several explicit references in the record to claimant's inability to handle stress, and the general nature of her psychological impairments suggested a need to probe the stress level of any prior job that the ALJ might find the claimant capable of performing under step four. Here, there was no comparison of her prior work with her capabilities as of December 31, 1987. *See id.* at 866. The record is simply devoid of evidence on these issues. It will be necessary on remand to develop an adequate record on these matters.

■ We recognize the tension created when the mandate of S.S.R. 82–62 is transposed on claimant's step four burden of proof. In this regard, we emphasize that it is not the ALJ's duty to be the claimant's advocate. *See Dixon,* 811 F.2d at 510 (disability hearing is a nonadversarial proceeding). Rather, the duty is one of inquiry and factual development. The claimant continues to bear the ultimate burden of proving that she is disabled under the regulations. *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).[2]

Because the ALJ erred in failing to follow the mandate of ruling 82–62, his decision is not based on substantial evidence. Therefore, the decision of the district court is REVERSED, and the matter shall be REMANDED to that court, with instructions to REMAND to the secretary for further proceedings consistent with this opinion.

---

**2.** In this regard, we note that counsel does not serve his client well where, as here, he fails to develop the record and does not provide the kind of advocacy to which every client is entitled.