46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert J. CROUCH, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Donna
Shalala, Secretary, Defendant-Appellee.
 No. 94-6162.
 United States Court of Appeals, Tenth Circuit.
 Jan. 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Plaintiff Robert J. Crouch appeals from a district court judgment affirming the Secretary of Health and Human Services' denial of his application for disability benefits. The district court adopted the magistrate judge's recommendation, which details that the record contains substantial evidence to support the Administrative Law Judge's (ALJ) determination that plaintiff was not disabled. Likewise, our task on appeal is to determine whether the record contains substantial evidence to support the Secretary's decision and whether the Secretary applied the correct legal standards in reaching that decision. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). Because the record contains substantial evidence in support of the Secretary's determination that plaintiff is not disabled within the meaning of the Social Security Act, we affirm.
 
 
 2
 Plaintiff alleges disability resulting from a combination of impairments, including diabetes mellitus, status post total ileostomy, back trouble, and hearing impairment. The ALJ determined at step four of the sequential evaluation, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988), that plaintiff's impairments, in combination, did not prevent him from performing his past relevant work as an engineer. In reaching that conclusion, the ALJ had a heightened duty to develop the record because plaintiff was unrepresented at the administrative hearing. See Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992). After reviewing the record, we agree with the district court that the ALJ in this case was not only aware of his heightened duty, but he was quite diligent in his attempt to develop the record.
 
 
 3
 Plaintiff argues that the ALJ did not meet the mandate of Social Security Ruling 82-62 and this court's decision in Henrie v. United States Department of Health & Human Services, 13 F.3d 359, 361 (10th Cir.1993), by not making specific findings regarding the physical and mental demands of plaintiff's past relevant work. The burden of proving disability at step four remains with the plaintiff. Id. In this case, plaintiff's own testimony supports the ALJ's determination that plaintiff could return to his past relevant work. In response to the ALJ's inquiry as to whether plaintiff had any further comment on how his health problems keep him from working, plaintiff stated that if he could work in the same capacity or in the same type of job that he had before he left work, he would have no problem going back to work. R. Vol. II at 50.
 
 
 4
 Finally, the medical records and plaintiff's own testimony support the ALJ's determination that plaintiff could return to his past relevant work. Over twenty years ago, plaintiff underwent a total ileostomy and has worn an appliance for excretion ever since. The medical records do not reflect any significant changes in his condition that would render him unable to perform his past relevant work. Plaintiff has diabetes mellitus, and his medical records indicate that his condition is controlled by medication. Further, nothing in the medical records regarding plaintiff's hearing impairment or back trouble refutes the Secretary's determination that plaintiff is able to return to his past relevant work. We are especially persuaded by plaintiff's own assessment that he could return to the work that he previously held. On the whole, the record indicates that plaintiff failed to carry his burden of proving his disability. We hold that the record contains substantial evidence to support the Secretary's determination of nondisability.
 
 
 5
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument