Filed 12/9/96

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JUNE J. LAWSON,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,*

      Defendant-Appellee.

No. 96-5098
(D.C. No. 95-C-419-J)
(N.D. Okla.)

---

ORDER AND JUDGMENT**

---

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,*** District Judge.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\**     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\***     Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals from a district court order denying her application for disability and supplemental security insurance benefits.  After plaintiff's January 21, 1995 application was denied by the Secretary initially and upon reconsideration, a hearing was held before an administrative law judge (ALJ).  The ALJ determined at step four of the sequential analysis, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that plaintiff was not disabled, and the Appeals Council denied review, thereby making the ALJ's decision the final decision of the Secretary.  Plaintiff appealed the denial of benefits to the district court, and the parties consented to proceed before a United States Magistrate Judge.  On March 5, 1996, the magistrate judge issued an order affirming the Secretary's denial of benefits.

On appeal, plaintiff claims that the ALJ erred in relying on post-hearing evidence without affording her the opportunity to obtain representation to assist her in rebutting the evidence and that the ALJ failed to properly develop her medical history for the twelve months preceding his decision.  Plaintiff also

-2-

argues that the ALJ failed to consider her recurrent illness in his determination that she could perform her past relevant work.

We review plaintiff's arguments with the following standards in mind. "The ALJ's decision must be based on substantial record evidence. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. In addition, the failure to apply the appropriate legal standards also constitutes grounds for reversal." Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993)(citations and quotations omitted).

We have reviewed the record and have determined that the magistrate judge was correct in his conclusion that the record contains substantial evidence in support of the ALJ's determination of no disability and that the ALJ applied the correct legal standards. We affirm the district court order of March 5, 1996, for substantially the same reasons set forth therein.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge