**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHARLES J. HOPKINS,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,*

      Defendant-Appellee.

No. 96-5215
(D.C. No. 95-CV-489-M)
(N.D. Okla.)

---

ORDER AND JUDGMENT**

---

Before EBEL, HENRY, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

\*     John J. Callahan, Acting Commissioner for the Social Security
Administration, is substituted for the former commissioner, Shirley S. Chater.
See Fed. R. App. P. 43(c).

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from the magistrate judge's affirmance, see 28 U.S.C. § 636(c)(1) & (3), of the Secretary's[1] denial of disability benefits and supplemental income. Plaintiff asserted he had been disabled, since November 1, 1992, from pain in his neck, shoulders, back and legs. The administrative law judge (ALJ) determined, at step four of the applicable five-step sequential analysis, see 20 C.F.R. §§ 404.1520, 416.920, that plaintiff remained capable of performing his past light delivery work and his past sedentary work as a telephone clerk. After considering additional evidence, the Appeals Council denied review, making the ALJ's determination the Secretary's final decision. See generally O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994) (additional evidence submitted to Appeals Council becomes part of administrative record reviewed on appeal).

This court reviews the Secretary's decision only to insure that the record contains substantial evidence supporting her factual findings and that she applied the law correctly. See Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995). At step four, plaintiff bears the burden of establishing that he cannot perform his

---

[1]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. In the text, however, we continue to refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

past relevant work.  See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993).

On appeal, plaintiff argues that the Secretary, in determining that plaintiff possessed the residual functional capacity (RFC) to perform his past relevant light and sedentary work, failed to make a proper RFC determination, improperly found plaintiff's complaints to lack credibility, failed to consider all of plaintiff's limitations, and failed to develop the record as to the demands of his past relevant work.  Upon consideration of the record and the parties' briefs, we affirm.

The ALJ applied the appropriate step-four analysis to determine whether plaintiff could perform his past relevant work.  See Winfrey v. Chater, 92 F.3d 1017, 1023-26 (10th Cir. 1996); Henrie, 13 F.3d at 361.  Further, substantial evidence in the record supported the ALJ's factual findings underlying his step-four analysis, including the ALJ's credibility determinations, see Winfrey, 92 F.3d at 1020.

The judgment of the United States District Court for the Northern District of Oklahoma is, therefore, AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge

-3-