**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

EMLINE LEE,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 97-3080
(D.C. No. 95-CV-4094)
(D. Kan.)

---

ORDER AND JUDGMENT[**]

---

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Shirley S. Chater, Commissioner of Social Security, as the defendant in this action. In the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Emline Lee, appearing pro se, appeals from the district court's order affirming the denial of her application for disability benefits on the ground that she was not disabled before the expiration of her insured status on December 31, 1977. Following a remand and a second hearing, an administrative law judge (ALJ) denied benefits at step five of the five-step sequential evaluation process. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps). The district court upheld the decision to deny disability benefits. We affirm.

We review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether she applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted)). We may not reweigh the evidence or substitute our

judgment for that of the Secretary.  See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

Claimant alleges disability due to pain in her back and knees, irritable bowel syndrome, hypertension, headaches and obesity.  Because her insured status expired on December 31, 1977, she must establish that she was totally disabled prior to that date.  See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993).  On appeal, she asserts (1) she was denied her right to be represented by counsel because she was unable to obtain an attorney; (2) her husband was not permitted to ask questions of the vocational expert (VE); (3) the ALJ had a private conversation with the VE prior to the hearing on May 31, 1994; and (4) her physician's statement that she was not motivated to work was refuted by her work record.

The record reflects that claimant was advised of her right to be represented by counsel at the hearing, and that she waived that right.  See, e.g., R. Vol. II at 753-55.  The advisement satisfied the agency's duty.  See Carter v. Chater, 73 F.3d 1019, 1021 (10th Cir. 1996).  As for her claim that her husband was not permitted to question the VE, the record reflects that he asked the VE about the literacy requirements of the jobs that were available during the relevant time period, and the VE responded.  See R. Vol. II at 774-76.  He was also permitted to make an argument that some people, including claimant, are not suited to

sedentary jobs.  See id. at 777.  The ALJ noted, and claimant's husband agreed, that the statement was in the nature of argument, rather than a question.  See id. at 778.

Next, we consider the claim that the ALJ and the VE had a conversation outside claimant's presence.  Because there is no reference to such a conversation in the record, we cannot review it.  Cf. Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979-80 (10th Cir. 1992) (no review where evidentiary record is insufficient to permit assessment of appellant's claims of error).  Finally, we cannot reweigh the evidence to evaluate whether claimant's work record refuted her physician's statement that she was not motivated to work.  See Kelley, 62 F.3d at 337.

We have carefully reviewed the record, including all of the medical evidence submitted, and we have considered claimant's arguments in light of the record.  We conclude that substantial evidence supports the determination that claimant was not disabled within the meaning of the Social Security Act prior to her date last insured of December 31, 1977.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge

-4-