**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 9 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DENNIS E. CAVANAUGH,

Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

Defendant-Appellee.

No. 98-7065
(D.C. No. CV-96-658-S)
(E.D. Okla.)

ORDER AND JUDGMENT  *

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Dennis Cavanaugh appeals from the district court's decision affirming the Commissioner's denial of his application for Social Security disability insurance benefits. We review the Commissioner's decision to determine whether factual findings are supported by substantial evidence and whether correct legal standards were applied. *See Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). For the reasons stated below, we affirm.

In December 1993, Mr. Cavanaugh filed an application for benefits claiming disability since December 31, 1985, due to migraine headaches, depression and hearing loss. [1] The matter came before an administrative law judge, who found that because his insured status expired on March 31, 1990, Mr. Cavanaugh had to prove he was disabled by that date. *See Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993). The ALJ concluded that he had not, finding that he failed to demonstrate any severe impairment that significantly limited his ability to work, and thus ending the inquiry at step two of the five-step process for determining disability. *See* 20 C.F.R. § 404.1520. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

---

[1] He also filed an application for Supplemental Security Income benefits, but that application was denied because he had too many resources. He does not challenge this denial.

On appeal, Mr. Cavanaugh first contends that the ALJ erred by finding that there was no medical evidence supporting his claim of a disabling hearing loss. Specifically, he contends that an audiologist's report dated January 30, 1986, demonstrated that he had a severe hearing loss. That report stated that Mr. Cavanaugh

> has a moderate to severe mixed hearing loss in the right ear. In the left ear he has a mild conductive hearing loss, in the low frequencies, and a severe high frequency loss at 8000 hertz. His speech reception threshold in the right ear is 55 dB and in the left ear it is 20 dB. His discrimination scores are 90% bilaterally. The tympanograms indicate normal middle ear systems. The reflexes were absent bilaterally.

Appellant's App. Vol. II at 124.

At step two, it is the claimant's burden to demonstrate an impairment or combination of impairments that significantly limits his or her ability to do basic work activities. *See* § 404.1520(c). The step two severity determination is based on medical factors alone, and "does not include consideration of such vocational factors as age, education, and work experience." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Although it may have been better practice for the ALJ to have addressed the audiologist's report, we conclude that his failure to do so is not reversible error. As the district court noted, and Mr. Cavanaugh implicitly acknowledges on appeal, the audiologist's report revealed that his speech discrimination was within normal range. More generally, the report itself does

not necessarily state that any hearing problems identified would significantly limit Mr. Cavanaugh's ability to do work-related activities. The only medical evidence on this point is the conclusion by a nonexamining physician who reviewed the report and determined that it did not indicate a severe impairment. *See* Appellant's App. Vol. II at 68-69, 71. Absent contrary evidence, we cannot say that the ALJ erred in finding Mr. Cavanaugh's hearing loss to be a nonsevere impairment. *Cf. Hawkins v. Chater*, 113 F.3d 1162, 1165 (10th Cir. 1997) (relying on report by nonexamining physician not mentioned in ALJ's decision to find substantial evidence supporting ALJ's finding of nonsevere impairment).

Mr. Cavanaugh also contends that the ALJ failed to uphold his duty to develop the record in two ways. First, he contends that the ALJ should have obtained a missing page from the report of a psychiatric examination he underwent at a Veterans Affairs outpatient clinic in 1986. Second, he contends that the ALJ should have questioned him at the hearing regarding his pain and other subjective complaints as they existed prior to expiration of his insured status.

Mr. Cavanaugh was represented by counsel at the hearing, and counsel was given the opportunity to add to and correct the exhibits on file and to question Mr. Cavanaugh at the hearing. With respect to the missing page from the psychiatric examination report, there is no indication in the record or in his brief

-4-

what this missing page might show--in particular, that it might tend to demonstrate a severe impairment--nor is there any indication Mr. Cavanaugh or his counsel ever tried to obtain the missing page. In such circumstances, we will not find the ALJ's failure to obtain a missing document of unknown importance to be reversible error. *See Hawkins*, 113 F.3d at 1169 (citing *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995)).

Turning to the hearing, although we agree with Mr. Cavanaugh that the focus of the ALJ's questions at the hearing was on his condition at that time, which would appear to be of questionable relevance since his insured status ended five years earlier, we note that some of the ALJ's and counsel's questions solicited information regarding his claimed impairments during the relevant period. Mr. Cavanaugh was represented by counsel at the hearing, which, while not relieving the ALJ of his duty to develop, does lessen that duty, *see Henrie*, 13 F.3d at 360-61, and it was clear to all parties at the time of the hearing when Mr. Cavanaugh's insured status expired. Finally, Mr. Cavanaugh has never explained what his subjective testimony would have been, nor how it would have combined with the existing objective medical evidence to establish a severe impairment. *Cf.* 20 C.F.R. § 404.1528(a) (claimant's statements not enough to

establish existence of impairment). [2] Thus, we conclude that he has not shown the ALJ committed reversible error.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

---

[2] Except as it related to his hearing loss, Mr. Cavanaugh does not contend on appeal that the objective medical evidence alone demonstrated a severe impairment due to his migraine headaches or depression.