**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHEILA L. DELANEY,

     Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

    Defendant-Appellee.

No. 98-7109
(D.C. No. CV-97-145-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **McKAY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Sheila L. Delaney appeals from the denial of supplemental security income (SSI) benefits. She asserts that the administrative law judge (ALJ) erred in the three-phase analysis at step four of the evaluation sequence. <u>See generally</u> <u>Williams v. Bowen</u>, 844 F.2d 748, 750-52 (10th Cir. 1988). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and reverse.

Plaintiff was born on May 14, 1960. She completed high school and one year of appliance repair training. In October 1988, she injured her right knee in a fall at work and required orthopedic surgery. She has reinjured the same knee twice since then, but has not needed additional surgery. She claims that both of her knees hurt if she stands for more than fifteen minutes. Plaintiff is also morbidly obese and claims back problems, vertigo, pain in her head, and difficulty concentrating. She alleges that she has been disabled since September 1990.

The ALJ concluded summarily at step three that plaintiff's impairments were not equivalent to any of the listed impairments. <u>See</u> <u>Williams</u>, 844 F.2d at 751. He decided at step four that she retained the residual functional capacity (RFC) for light work limited by a need to alternate sitting and standing, that her past job as a security guard did not demand more than that, and that she could therefore return to her past job as she actually had performed it.

We review the agency's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir. 1995). We may not reweigh the evidence or substitute our judgment for that of the agency. See Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

At step four, an SSI claimant bears the burden of proving that her medical impairments prevent her from performing work that she has performed in the past. See 20 C.F.R. § 416.920(e); Williams, 844 F.2d at 751 & n.2. A claimant is not disabled if she fails to prove that she does not retain the RFC to perform "the actual functional demands and job duties of a particular past relevant job." Social Security Ruling 82-61, 1982 WL 31387, at *2.

However, in order to make the ultimate finding that a claimant is not disabled at step four, the ALJ is required by the agency's own rulings to make specific and detailed predicate findings concerning the claimant's residual functional capacity, the physical and mental demands of the claimant's past jobs, and how these demands mesh with the claimant's particular exertional and nonexertional limitations. See Social Security Ruling 96-8p, 1996 WL 374184, Social Security Ruling 82-62, 1982 WL 31386, at *4; see also Winfrey v. Chater,

92 F.3d 1017, 1023-25 (10th Cir. 1996).  The ALJ is bound by the agency's rulings.  See 20 C.F.R. § 402.35(b)(1).

Plaintiff argues that the ALJ erred:  (1) by improperly discounting the severity of her right knee impairment as part of his determination that she can perform light work, while ignoring that she was close to meeting one of the obesity listings based on her knee impairment, and improperly assuming that she could and should have lost weight; (2) by failing to develop the record regarding the amount of walking and standing her past job demanded, which, she argues, was required to properly support his findings concerning her ability to return to that job; and (3) by improperly basing subsequent required findings on his prior, flawed analysis.  We agree.

The ALJ failed to make all of the detailed findings required by the regulations and rulings at step four.  As a result, his conclusions are not supported by substantial evidence.  In evaluating plaintiff's RFC at the first phase of step four, the ALJ failed to assess plaintiff's ability to perform each of the seven strength demands (sitting, standing, walking, lifting, carrying, pushing, and pulling) and to carefully compare her restrictions with the functional demands of light work as defined by the regulations.    See 20 C.F.R. §§ 416.945(b), 416.967(b); Social Security Ruling 96-8p, 1996 WL 374184, at *3, *5.  Because plaintiff's main impairments are morbid obesity and a knee problem, it was error

-4-

for the ALJ to fail to address the effect of these impairments on her ability to stand or walk for the greater part of an eight-hour workday.

The ALJ also erred at phase one by exaggerating the extent of plaintiff's daily activities. For example, plaintiff testified that she visited friends once or twice a week. See Appellant's App., Vol. II, at 47. The ALJ stated, however, that plaintiff went out with friends several times a week. See id. at 17. Plaintiff testified that she drove once a week. See id. at 47. The ALJ stated that she drove wherever she needed to go. See id. at 17. Plaintiff testified that her daughters did their home-schooling primarily on their own and that she did not remain seated during their two-hour morning and afternoon sessions. See id. at 44-45. The ALJ stated that plaintiff presumably sat for the duration of the girls' schoolwork each day. See id. at 17. This is not meant to be a comprehensive list of the ALJ's exaggeration of the record, but only to provide examples of the error.

Plaintiff also argues that she was only a few pounds shy of meeting a listing for obesity and being presumptively unable to perform even a substantial number of sedentary jobs. She therefore questions the ALJ's determination at phase one of step four that she could perform light work. We find this argument to be without merit, as plaintiff lacks evidence of a history of limitation of motion in her knee that is required by the listing. See 20 C.F.R. pt. 404, subpt. P, app. 1,

§ 9.09(A). It does appear that, in making his RFC determination, the ALJ improperly relied in part on his belief that plaintiff should have lost weight, without pointing to evidence that she was capable of losing weight or that any of her doctors had recommended to her that she lose weight. <u>See</u> Appellant's App., Vol. II, at 18.

At phase two, the ALJ also failed to adequately inquire into the demands of plaintiff's past job as a security guard. He focused on her ability to lift the required weight and sit for certain tasks, but failed to find out how much walking and standing were required. This also was error. It follows that the ALJ's ultimate conclusion, at phase three, that plaintiff could return to this past job was tainted by his failure to develop an adequate record. <u>See</u> <u>Henrie v. United States Dep't of Health & Human Servs.</u>, 13 F.3d 359, 360-61 (10th Cir. 1993).

The judgment is REVERSED and the case is REMANDED with directions to remand to the agency for additional proceedings consistent with this order and judgment.

Entered for the Court

Monroe G. McKay
Circuit Judge