**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARY J. OGLE,

       Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

       Defendant-Appellee.

No. 04-6129
(D.C. No. 01-CV-1104-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Mary J. Ogle appeals the district court's order affirming the Commissioner's decision to deny her application for social security disability benefits. She alleges disability as of the date she was last insured, December 31, 1998, due to fibromyalgia, thoracic outlet syndrome, anxiety, and pain in her back, hip, legs, arms, shoulder, and neck.[1] At step five of the five-step sequential evaluation process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps), an administrative law judge (ALJ) determined that Ms. Ogle could perform a limited range of semi-skilled, sedentary work that existed in significant numbers in the regional and national economies. Accordingly, the ALJ held that Ms. Ogle was not disabled within the meaning of the Social Security Act and was, therefore, not entitled to disability benefits. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We reverse and remand for further proceedings.

On appeal, Ms. Ogle asserts that the ALJ erred (1) in determining that she had transferable skills, (2) in considering as past relevant work her job as a dog groomer, and (3) by relying on vocational testimony about the jobs she could perform, even though the testimony was at odds with the Dictionary of Occupational Titles (DOT).

---

[1] Ms. Ogle must establish the onset of disability prior to the date her insured status expired. *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993).

*Standards of Review*

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *Threet v. Barnhart*, 353 F.3d 1185, 1189 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (further quotation omitted). We conclude that the Commissioner's decision is not supported by substantial evidence, so we reverse and remand for further proceedings.

*Transferable Skills*

Ms. Ogle first argues that the ALJ erred in determining that she had acquired skills and in finding that those skills would transfer to other jobs that she could perform. A claimant who has transferable skills has "a special advantage over unskilled workers in the labor market." *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001) (quotation omitted). As of the date she was last insured for disability, Ms. Ogle was fifty-three years old, with a high-school education. Therefore, the finding that she had transferable skills was critical to the ultimate determination that she was not disabled. *Compare* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.14 (grid stating claimant aged 50-54 with high-school diploma but

no transferable skills is "disabled"), *with id.* § 201.15 (grid stating same claimant with transferable skills is "not disabled"); *see also Dikeman*, 245 F.3d at 1184.

The ALJ apparently adopted the Vocational Expert's (VE) testimony that Ms. Ogle had acquired skills in her past work as a shipping clerk, distribution clerk, and dog groomer that were transferable to other semi-skilled, sedentary work. *See* Aplt. App. Vol. II, at 18. The VE testified that Ms. Ogle's transferable skills were "record keeping," "computer operations," and "customer service, interpersonal type skills, working with the public on more than a superficial basis." *Id*. at 39.

Ms. Ogle's testimony about her past work was almost nonexistent, but at step five, the burden was not on her "to produce or develop vocational evidence." *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999). Her only testimony about her past work was her statement that on the last day she worked as a shipping clerk, she "was working on the boxing machine, [and] prior to that [she] was filling orders." Aplt. App. Vol. II, at 30. The ALJ asked no questions about Ms. Ogle's past work. The documentary evidence in the record about her past work is limited to her vocational report, which includes a very brief, general statement about three of her past jobs. Her description of her "computer operations," was merely, "[t]ook orders from customers by computer or by hand." *Id*. at 93. As for her "record keeping" experience, she wrote, "I owned [dog

-4-

grooming] shop, therefore, I kept daily and tax records." *Id.* at 95. These "skeleton description[s]" of Ms. Ogle's past jobs are insufficient "to document [her] acquisition of skills." *Dikeman*, 245 F.3d at 1185 (quotation omitted).

We next consider the skills of "customer service, interpersonal type skills, working with the public on more than a superficial basis." As with the other identified skills, the record does not support a finding that Ms. Ogle acquired these skills. Moreover, because the record does not contain a description of the work she performed, it is unclear whether Ms. Ogle's past work in customer service qualifies as a skill.

> The Commissioner has defined a skill as: "knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn). It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner. This includes activities like making precise measurements, reading blueprints, and setting up and operating complex machinery."

*Dikeman*, 245 F.3d at 1184-85 (quoting Soc. Sec. Rul. 82-41, 1982 WL 31389, at *2); *see also Frey v. Bowen*, 816 F.2d 508, 518 (10th Cir. 1987) (deeming "understanding," "common sense," and "logic" aptitudes or traits; ALJ's reliance on them as transferable skills was error of law). Therefore, after evaluating the work Ms. Ogle did in the area of customer service, the ALJ should determine if she acquired actual skills, and if so, whether they are transferable.

*Dog-Groomer Job*

Ms. Ogle next asserts that the ALJ erred in considering her past work as a dog groomer and owner of the dog-grooming business as past work experience with transferable skills. She maintains that she had not done this work as substantial gainful activity within the previous fifteen years, so it could not be considered. "[W]ork experience applies when it was done within the last 15 years." 20 C.F.R. § 404.1565(a). In addition, the work must have qualified as substantial gainful activity. *Id.*

Ms. Ogle's vocational report states that she did this job from April 1982 through November 1985 and that it was "seasonal work." Aplt. App. Vol. II, at 91. The years 1984 and 1985 fall within the covered period because they are within fifteen years of her date last insured, December 31, 1998. Ms. Ogle argues, however, that her income for the years 1984 and 1985 was too low to qualify as substantial gainful activity. The only evidence of her income is a list of her annual income for each year from 1977 through 1999, showing $3362 from self-employment for 1984, and $2895 from self-employment for 1985. *Id.* at 76-78. These figures alone are insufficient to determine that Ms. Ogle's dog-grooming work was substantial gainful activity.

The record contains almost no information about Ms. Ogle's work experience as a dog groomer and business owner. The ALJ did not elicit any

testimony on the topic. The only evidence is found in her brief statement, quoted above, that she owned the shop and kept daily and tax records. *Id*. at 95. This scant evidence could not permit the ALJ to evaluate whether Ms. Ogle's dog groomer job qualified as substantial gainful activity, either as an employee or a self-employed person. *See* 20 C.F.R. § 404.1574(b)(6) (stating that where employee's earnings were too low to qualify as substantial gainful employment, but too high to meet the presumption that the work did not qualify, other information must be considered); *id.* § 404.1575 (explaining how to evaluate self-employment). On remand, the ALJ should develop the record sufficiently to permit him to ascertain whether Ms. Ogle's past work in the dog-grooming business qualified as substantial gainful activity. If he determines it did qualify, the ALJ should explain his analysis. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (holding "administrative agencies must give reasons for their decisions") (quotation omitted).

*Conflict between the VE and the DOT*

Finally, Ms. Ogle contends that the vocational testimony about jobs she could perform with the limitations found by the ALJ was at odds with the descriptions given in the DOT. Because we have determined that the case must be remanded to evaluate Ms. Ogle's transferable skills and to determine if her past experience in the dog-grooming business qualifies as substantial gainful

-7-

activity, we need not decide whether the VE's testimony conflicted with the DOT. On remand, the ALJ should "ask the [VE] how his or her testimony as to the exertional requirement of identified jobs corresponds with the [DOT], and elicit a reasonable explanation for any discrepancy on this point." *Hackett v. Barnhart*, 395 F.3d 1168, 1175, (10th Cir. 2005) (quoting *Haddock*, 196 F.3d at 1087).

*Conclusion*

We REVERSE the judgment of the district court and REMAND the action to the district court with directions to remand to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge