KAREN NELSON MOORE, Circuit Judge,
dissenting.
Because I do not believe that substantial evidence supports the ALJ’s determination that Roger Tilley was able to return to his previous employment as a machine operator, I respectfully dissent.
I agree with the majority that there is substantial evidence indicating that, while Tilley worked as a machine operator, he was able to sit for at least part of the day. I can find no evidence, however, that Tilley was able to “sit and stand as needed,” A.R. at 24 (emphasis added), a facet of the ALJ’s RFC determination that the majority opinion makes no effort to address. The ALJ reasoned that because Tilley was responsible for relieving workers when they took their breaks, Tilley “did not perform [his] job in a constant position.” Id. All this indicates, however, is that Tilley might have more opportunities to alternate his position than the average machine operator — there is no indication that Tilley had any control over when those opportunities occurred. Once a relief worker assumes control of machine, he presumably must continue to work at that machine until the original operator returns. Perhaps that length of time is short enough to accommodate Tilley’s specific limitations, but there is simply no evidence to suggest that this is so.
At Stage Four of the sequential analysis, Tilley has the burden of proof. Walters v. Comm’r of Soc. Sea, 127 F.3d 525, 529 (6th Cir.1997). Although there is no evidence in the record indicating that Tilley could not sit as needed while working as a machine operator, there is also no evidence that he could sit or stand as needed. The claimant is not solely responsible for developing the record with respect to the physical demands of his previous job. Winfrey v. Chater, 92 F.3d 1017, 1024 (10th Cir.1996). Rather, under the Social Security Program Policy Statement, the ALJ is required to make specific findings of fact *224 with respect to “the physical and mental demands of [the claimant’s] past job/occupation,” Soc. Sec. Rul. 82-62, 1982 WL 31386, at *4 (1982), and must make “every effort ... to secure evidence that resolves the issue as clearly and explicitly as circumstances permit,” id. at *3; see also Henrie v. U.S. Dep’t of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir.1993). Therefore, pursuant to Soc. Sec. Rul. 82-62, I would remand Tilley’s case to the ALJ to develop the record with respect to whether Tilley’s previous position as a machine operator allowed him to sit and stand as needed.
I respectfully dissent.