**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VICKY L. WESTBROOK,

Plaintiff-Appellant,

v.

LARRY G. MASSANARI, Acting
Commissioner of Social Security,

Defendant-Appellee.

No. 01-2151
(D.C. No. 99-1472-MV/DJS)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Vicky L. Westbrook appeals from the district court's order and judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. She alleges three separate errors in the decision of the administrative law judge (ALJ): 1) that the ALJ improperly rejected the opinions of Ms. Westbrook's treating physicians; 2) that the ALJ erred in finding Ms. Westbrook was capable of performing her past relevant work; and 3) that the ALJ violated Ms. Westbrook's due process right to a full and fair hearing. We affirm.

## I. Background

Ms. Westbrook filed her application alleging disability beginning May 31, 1996, due to weakness, headaches, multiple arthralgias, fibromyalgia, HLA B27, arthropathy, degenerative arthritis, disc disease of the lumbar spine, and depression. The administrative law judge (ALJ) determined Ms. Westbrook had several severe impairments, as that term is defined in the regulations, but that those impairments, whether considered singly or in combination, did not rise to the level of a listed, or conclusively disabling impairment. After reviewing the evidence and medical record, the ALJ further found Ms. Westbrook did not meet her burden of demonstrating she was unable to perform her past relevant work as an administrative assistant. Therefore, the ALJ concluded that Ms. Westbrook was not disabled under step four of the Commissioner's five-step sequential

process for determining disability. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (setting out process).

Shortly after the ALJ's decision, Ms. Westbrook began seeing Robert Quarmby, M.D. to treat her for migraine headaches,[1] and neck and shoulder pain. Records from Ms. Westbrook's visits to Dr. Quarmby from March of 1998 to June of 1999 were subsequently filed with the Appeals Council, which, nevertheless, denied review of the ALJ's decision. Ms. Westbrook sought further review from federal district court, which affirmed the ALJ's decision. This appeal followed.

We review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence in light of the entire record, and to determine whether he applied the correct legal standards. *Hargis v. Sullivan,* 945 F.2d 1482, 1486 (10th Cir. 1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[1]    In his decision, which was issued approximately two weeks before Ms. Westbrook's first documented examination by Dr. Quarmby, the ALJ found

> [t]here is very little documentation of ongoing serious recurrent migraine headaches during the period of time relevant to this decision. . . . Because of the lack of documentation to establish that the claimant's migraines are a frequent ongoing occurrence during the period of time relevant to this decision, I do not find that this condition is a severe condition.

R., Vol. II at 24.

*Id.* (citation omitted). "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence." *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir. 1994) (citation omitted). Finally, in the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).

## II. Treating Physicians' Opinions

Ms. Westbrook argues the ALJ improperly rejected the opinions of her treating physicians concerning her disability. [2] The ALJ must give "controlling weight" to a treating physician's opinion concerning the nature and severity of a claimant's impairments, provided that opinion "is well supported . . . and is not

---

[2] As noted previously, medical evidence from Dr. Quarmby was not before the ALJ at the time of his decision but was submitted to, and considered by, the Appeals Council in its decision to deny review. The Social Security Administration Regulations allow submission of new and material evidence but limit Appeals Council consideration of that evidence unless it "relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). If the evidence relates to the period on or before the hearing decision, the Appeals Council will evaluate the evidence as part of the entire record, and only review the case "if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id.* Likewise, this circuit has held that when the Appeals Council denies review, the ALJ's decision becomes the Commission's final decision that is reviewed for substantial evidence. *See O'Dell,* 44 F.3d at 858. The record to be considered on review, however, includes all of the evidence before the Appeals Council, including new evidence that was not before the ALJ. *Id.* at 859. Therefore, to the extent that Ms. Westbrook has demonstrated that Dr. Quarmby's post-hoc evaluations relate to the relevant time period, the district court was correct to review them under the substantial evidence standard.

-4-

inconsistent with other substantial evidence." 20 C.F.R. § 404.1527(d)(2).

We have said that a treating physician's opinion that a claimant is totally disabled is not dispositive "because final responsibility for determining the ultimate issue of disability is reserved to the Secretary." *Castellano v. Sec'y of Health & Human Servs.,* 26 F.3d 1027, 1029 (10th Cir. 1994). In addition to its consistency with other evidence, the ALJ examines a treating physician's opinion with several factors in mind such as the length of the treating relationship, the frequency of examination, and the extent to which the opinion is supported by objective evidence. *See* 20 C.F.R. § 404.1527(d)(2).

Here, Ms. Westbrook argues three separate treating physicians gave their opinion that she was disabled. On four different occasions Dr. Rousseau, Ms. Westbrook's treating physician from November 1993 to October 1996, described Ms. Westbrook as unable to work. The first two statements, written as a part of Ms. Westbrook's requests for health leave, were properly discounted by the ALJ as they both described her disability as only temporary and both indicated she could return to work within two months. As noted by the ALJ, the second two statements were made on prepared forms for Ms. Westbrook's disability insurance carrier, and Ms. Westbrook failed to demonstrate that the standards for a finding of disability for the carrier and the social security regulations were the same or even similar. More importantly, the ALJ found that these statements

were inconsistent with, and not supported by the objective medical evidence, which the ALJ described at length. These are specific and legitimate reasons for discounting Dr. Rousseau's opinion.

Likewise, Ms. Westbrook argues that Dr. Benge stated in August of 1996 that she was "unable to work at this time." R., Vol. II at 98. Nevertheless, the ALJ relied on a detailed examination and diagnosis of Ms. Westbrook performed one month earlier, wherein Dr. Benge concluded she was able to work, albeit with limitations. That opinion, along with the lack of objective medical evidence of disability, are also valid reasons for discounting Dr. Benge's later, unsupported statement.

Finally, Ms. Westbrook relies on a letter written to her attorney by Dr. Quarmby, in which he describes Ms. Westbrook as "totally disabled." R., Vol. II at 282-83. While it was not before the ALJ at the time of his decision, the Appeals Council considered the letter, along with numerous records of Ms. Westbrook's office visits, and found that there was no basis for changing the ALJ's decision. The district court agreed, concluding

> [Dr.] Quarmby unequivocally states that Plaintiff is not able to work. However, his records do not unequivocally support such a finding. In May of 1999 Dr. Quarmby reported that Plaintiff had progressive improvement since treatment. In June of 1999, Dr. Quarmby noted that Plaintiff stated she felt better and denied having a headache. Dr. Quarmby is a pain specialist. He wrote in his notes that Plaintiff responded well to injection therapy. There are no objective tests in his records to support his conclusions. He merely and consistently

gave her electrical stimulation and injections which appeared to give plaintiff some relief.

R., Vol. I at 44-45 (Magistrate Judge's Analysis and Recommended Disposition) (record citations omitted). The district court found Dr. Quarmby's opinion was properly discounted and we agree. Our independent review of Dr. Quarmby's documentation convinces us that, in addition to being inconsistent with his conclusory appraisal of Ms. Westbrook's ability to work, those records taken as a whole demonstrate no more than unverified complaints and symptomatic treatment that is unsupported by objective medical evidence. Without that consistent evidence or testimony from Dr. Quarmby, his opinion may be properly rejected. *See Castellano,* 26 F.3d at 1029.

### III. Past Relevant Work

The ALJ made his decision at step four of the sequential evaluation process. At this step, the relevant inquiry is whether the claimant is able to return to her past relevant work. *See Andrade v. Sec'y of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). The burden is on the claimant to show that her impairment renders her unable to perform that work. *See Williams,* 844 F.2d at 751. Ms. Westbrook argues the ALJ erred at this stage by finding that she had

-7-

no severe mental impairment, namely depression, [3] and that she was able to perform light physical work. She argues further that the ALJ erred in finding her subjective complaints of pain not credible. Finally, she claims the ALJ failed to discuss or consider the demands of her past work. In *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996), we discussed the three phases of step four:

> In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.

*Id.* at 1023 (citations omitted). The ALJ must make specific findings at each of these phases, and those findings must be supported by substantial evidence. *See id.*

## A. Residual Functional Capacity

Listing 12.04 (affective disorders) requires a finding of severity which is spelled out in detail in the social security regulations. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.04. After finding that Ms. Westbrook met the requirements under the first part of that section, i.e., the presence of evidence of

---

[3] The ALJ made his finding that Ms. Westbrook's depression was not severe at step three of the five-step sequential process. That finding, however, also affected the ALJ's analysis of Ms. Westbrook's residual functional capacity to perform past relevant work at step four.

depression, the ALJ made specific findings that this impairment resulted in slight restrictions on her activities of daily living and slight difficulties in maintaining her social functioning. Additionally, the ALJ found that Ms. Westbrook seldom had deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner, and that she never had episodes of deterioration or decompensation in work or work-like settings.

Each of these findings were well below the level of severity necessary for a finding of a conclusive disability under the regulations. *See id.* § 12.04(B). We have also conducted a thorough review of the medical records, as we must in these cases, and we conclude, for substantially the same reasons as those articulated by the district court, that the ALJ's decision on this issue was based on substantial evidence.

Ms. Westbrook also argues the ALJ erred in finding she could perform light, semi-skilled work, which includes work as an administrative assistant. However, her argument presumes that the ALJ was required to give controlling weight to the opinions of her treating physicians, which we have already concluded to be either inconsistent with or not adequately supported by the objective medical evidence in the record. Instead, he weighed those opinions against the opinions of two non-examining medical consultants and, as noted by the district court, carefully detailed the objective medical evidence used to make

his determination. His findings of Ms. Westbrook's physical limitations, like his findings concerning her mental impairment are specific and supported by substantial evidence. Therefore, we conclude that the ALJ was correct in finding Ms. Westbrook had the RFC to perform light, semi-skilled work.

## B. Evaluation of Pain

Ms. Westbrook next claims that the ALJ erred by failing to properly evaluate her subjective complaints of disabling pain. The proper analysis for evaluating complaints of pain is as follows:

> We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a loose nexus between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Kepler v. Chater,* 68 F.3d 387, 390 (10th Cir. 1995) (citing *Luna v. Bowen,* 834 F.2d 161, 163 (10th Cir. 1987)) (quotations and further citations omitted). In *Luna,* as in other cases, this court has described the factors an ALJ should consider in evaluating subjective allegations of pain. *See Luna,* 834 F.2d at 165-66. And we emphasize, once again, that "[c]redibility determinations are peculiarly the province of the finder of fact," and should not be upset if supported by substantial evidence. *Kepler,* 68 F.3d at 391 (quotation omitted). The opportunity to observe and evaluate the demeanor of a witness in cases like this "is invaluable, and should not be discarded lightly. Therefore, special deference

-10-

is traditionally afforded a trier of fact who makes a credibility finding."
*Williams,* 844 F.2d at 755 (quotation and citations omitted).  Our review of the
record reveals that the ALJ considered a number of factors which were relevant to
the credibility of Ms. Westbrook's allegations of pain as well as "subjective
measures of credibility that are peculiarly within the judgment of the ALJ."
*Kepler,* 68 F.3d at 391 (quotation omitted).  To recite them again would be
duplicitous of the district court's decision which articulated, in detail, its reasons
for concluding that the ALJ had not erred.

We add only that Ms. Westbrook's extensive reliance on visits to
Dr. Quarmby to provide a record of pain is misplaced, as Ms. Westbrook began
seeing Dr. Quarmby after the ALJ's hearing decision was issued.  As we have
already noted, review of new evidence on appeal is limited to evidence that
relates to the period on or before the ALJ's hearing decision.  We are not
convinced that Ms. Westbrook has shown that those visits present evidence that
relates back to the relevant time period, and if the Appeals Council thought so,
it clearly found that evidence to be unpersuasive.  Nevertheless, even considering
those doctor's reports, we conclude that they do not contradict the ALJ's finding
that Ms. Westbrook's allegations of pain were not credible, or his ultimate
finding, based on substantial evidence, that Ms. Westbrook suffered a limiting,
but not disabling impairment.  The ALJ linked his determination of credibility to

a number of specific findings of facts in evidence which are fairly derived from the record.  Thus, in light of our narrow scope of review, we are compelled to accept that determination.

### C.  Demands of Past Relevant Work

Finally, Ms. Westbrook argues that the ALJ failed to discuss the demands of her past relevant work.  She cites *Winfrey* in arguing that the ALJ's findings were not particularly precise enough to satisfy that case's mandate of specific findings at each of the three phases of step four.  *See Winfrey,* 92 F.3d at 1023. Our holding in *Winfrey*, however, is not designed to needlessly constrain ALJs by setting up numerous procedural hurdles that block the ultimate goal of determining disability.  Rather, its concern is with the development of a record which forms the basis of a decision capable of review.  We have stated that "[t]he ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. United States Dep't of Health & Human Servs.,* 13 F.3d 359, 360-61 (10th Cir. 1993).  "[T]he duty is one of inquiry and factual development. The claimant continues to bear the ultimate burden of proving that she is disabled under the regulations." *Id.* at 361. In *Henrie,* we found that there was no inquiry whatsoever regarding the demands of past relevant work, and that the prior occupation was never even mentioned in evidence.  With a record devoid of even

any mention of the demands of past relevant work, we were compelled to remand the case for the ALJ to develop that record, despite the claimant's ultimate burden of proof. *See id.* In the present case, the record is not devoid of evidence of the demands of Ms. Westbrook's past relevant work. On the contrary, it includes inquiry at the hearing as well as an earlier description of that work by Ms. Westbrook herself. The ALJ's specific functional demand finding also referred to his earlier finding of residual functional capacity, which, as we have already said, was based on substantial evidence. The ALJ also specifically found that there was no evidence to support a finding that Ms. Westbrook had any mental limitations on her ability to perform semi-skilled work. A more detailed finding that independently examined the objective mental demands of an administrative assistant was entirely unnecessary, given the lack of medical evidence demonstrating Ms. Westbrook had a severe mental impairment requiring consideration with those demands. In sum, the record as a whole was adequately developed and supports the ALJ's ruling that Ms. Westbrook could return to her past relevant work, and we conclude that the ALJ's decision was based on substantial evidence.

## IV. Due Process

Lastly, Ms. Westbrook argues that she was denied due process because the ALJ made statements leading Ms. Westbrook and her attorney into believing that

a favorable ruling was forthcoming. Those statements, she argues, and the ALJ's "failure to offer Ms. Westbrook's attorney an opportunity to pose questions to her client" deprived Ms. Westbrook of a full and fair hearing. Aplt. Opening Br. at 38. The district court fully addressed this claim in the magistrate judge's analysis and recommended disposition. The district court concluded that the ALJ's statements did not amount to a decision on the merits, and even if they did, Ms. Westbrook was not denied due process as a matter of law. We agree with that court's analysis and conclude that Ms. Westbrook was not denied a full and fair hearing.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge